**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Nicki Lashay Lovely, | Civil No. 24-1010 (DWF/DTS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Circle K Stores, Inc. and Joseph Farah, | |
| Defendants. | |

**INTRODUCTION**

This matter is before the Court on Defendants Circle K Stores, Inc. and Joseph Farah's motion to dismiss and compel arbitration (Doc. No. 7). *Pro se* Plaintiff Nicki Lovely submitted a letter response urging the Court to deny the motion. (Doc. No. 17.) For the reasons set forth below, the Court remands this case to state court.

**BACKGROUND**

Lovely brought a case against her former employer Circle K Stores and former manager Joseph Farah alleging discrimination and retaliation based on her disability. (Doc. No. 1-3 at 4.) Defendants removed the action to federal court and now argue that the Court should dismiss the case and compel arbitration. (Doc. No. 7.)

**DISCUSSION**

**I.      Jurisdiction**

As an initial matter, Defendants assert that the Court has diversity jurisdiction, despite Farah and Lovely having the same citizenship. Defendants argue that Farah's

citizenship should not be considered because "Farah has been fraudulently joined as a defendant in this matter." (Doc. No. 1 at 2.) Specifically, Defendants assert that there is "no reasonable basis in fact and law" for the claims against Farah because individual supervisors are not liable for discrimination under the Minnesota Human Rights Act ("MHRA"). (*Id.* at 3.)

"It is a defendant's burden to establish fraudulent joinder, and that burden is a heavy one." *Arens v. O'Reilly Auto., Inc.*, 874 F. Supp. 2d 805, 808 (D. Minn. 2012). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Junk v. Terminix Intern. Co.*, 628 F.3d 439, 446 (8th Cir. 2010).

Lovely's Complaint is four sentences long. She includes very little detail about the discrimination and retaliation that she alleges occurred. From the little she has alleged, it appears that she is asserting a reprisal claim against Farah. It is unclear whether "a supervisor may—or may not—be individually liable for reprisal under the MHRA." *Arens*, 874 F. Supp. 2d at 808 (citing Minn. Stat. § 363A.15); *see also Larson v. Wells Fargo Bank, N.A.*, No. 13-cv-2117, 2014 WL 300933, at *2 (D. Minn. Jan. 17, 2014) (remanding case and noting that it is not clear whether the MHRA allows individual liability for reprisal claims); *Behrens v. Metro. Airports Comm'n*, No. 04-cv-2685, 2005 WL 1607408, at *6 (D. Minn. July 8, 2005) (denying summary judgment for a plaintiff's MHRA reprisal claims against two former supervisors); *Rygielski v. Sightline Com. Sols. LLC*, No. 23-cv-3395, 2024 WL 965202, at *1 (D. Minn. Mar. 6, 2024) (concluding that the reprisal statute, § 363A.15, "clearly imposes liability on individuals"). Defendants do not address this in their notice of removal.

Moreover, given the sparsity of Lovely's Complaint, it is difficult to discern the full scope of Lovely's allegations. "[I]t is plausible, particularly upon amendment of the Complaint, that [Lovely] may have a valid cause of action against [Farah.]" *In re Stryker Rejuvenate & ABG II Hip Implant Prods. Liab. Litig.*, No. 13-cv-1811, 2013 WL 6511855, at *3 (D. Minn. Dec. 12, 2013). And lastly, there is no evidence that Farah was "singled out to avoid federal diversity jurisdiction rather than to obtain full relief." *Id.*

"[I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question" and instead "leave the question for the state courts to decide." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003) (internal quotations and citation omitted). Given Lovely's sparse Complaint and the claim of reprisal, the Court concludes that remand is appropriate in this case, as Defendants have not met their heavy burden of establishing fraudulent joinder.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. This action is **REMANDED** to the Hennepin County District Court.

2. Defendants' motion to dismiss and compel arbitration (Doc. No. [7]) is not reached in federal court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 3, 2024                    s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge

3